ALEXANDER DENNISTOUN, JOHN DENNISTOUN, WILLIAM CRAIG MYLNE, AND WILLIAM WOOD, PARTNERS, UNDER THE STYLE OF A. DENNISTOUN AND COMPANY, PLAINTIFFS IN ERROR, *v.* ROGER STEWART.

Where the protest of a bill of exchange contained an exact copy of the bill, but the acceptance was made by " Chas. Byrne," instead of "And. E. Byrne," as it was in the original bill, this variance or error in the name of the acceptor's agent ought not to have excluded the protest from being read in evidence to the jury.

It is unnecessary that a copy of the protest should be included in the notice to the drawer and indorsers. The object of the notice is to inform the party that payment has been refused; and hence such a description of the note as will give sufficient information to identify it, is all that is necessary.

In this case, the protest had an accurate copy of every material fact which could identify the bill: the date, the place where drawn, the amount, the merchandise on which it was drawn, the ship by which it was sent, the balance on the cotton for which it was accepted, the names of drawers, acceptor, indorsers; every thing but the abbreviations and flourishes in the Christian name of the acceptor's agent. This mistake could not mislead any person as to the identity of the instrument described.

THIS case was brought up, by writ of error, from the circuit court of the United States for the southern district of Alabama.

The case is stated in the opinion of the court.

It was argued by *Mr. Phillips,* for the plaintiffs in error, no counsel appearing for the defendant.

Mr. Justice GRIER delivered the opinion of the court.

The plaintiffs declared against the defendant, as drawer of a bill of exchange, by the name and style of James Reid and Co., of which the following is a copy : —

" No. —.   £4,417 14*s.* 11*d.* st'g.       *Mobile, Sept.* 9, 1850.

" Sixty days after sight of this first of exchange, (second and third unpaid,) pay to the order of ourselves, in London, forty-four hundred and seventeen pounds, 14*s.* 11*d.* st'g, value re-

ceived, ana charge the same to account of 1,058 bales cotton per
' Windsor Castle.'

> " Your obedient servants,
>> ." Pr. pro James Reid and Co.,
>> " Wm. Moult, Jr.

" To Hy. Gore Booth, Esq., Liverpool.

> " *Acceptance across the face of the bill.*

" *Seventh October*, 1850. Accepted for two thousand five
hundred and seventy-one pounds eighteen shillings and seven
pence, being balance unaccepted for acpt. 1,058 bf. cotton, pr.
Windsor Castle, payable at Glyn and Co.

>> " Pr. pro Henry Gore Booth,
>> " And. E. Byrne.

> " Due 9 Decem.

" Indorsed:

> " Pay Messrs. A. Dennistoun and Co., or order,
>> " Pr. pro James Reid and Co.,
>> " Wm. Moult, Jr."

After reading this bill, with its indorsements, the plaintiff
offered in evidence a regular protest; indorsed on a copy of a
bill agreeing in every particular with the above, except that for
" And. E. Byrne " was written " Chas. Byrne."

The defendant objected to the reading of the protest in evi-
dence, because it did not describe the bill of exchange produced
by the plainti<sup></sup>, but a different bill. The court sustained this
objection, and excluded the protest from the jury, which is the
subject of the first bill of exceptions.

A protest is necessary by the custom of merchants in case of
a foreign bill, in order to charge the drawer. It is defined to be
in form " a solemn declaration written by the notary under a
fair copy of the bill, stating that the payment or acceptance has
been demanded and refused, the reason, if any, assigned, and
that the bill is, therefore, protested."

A copy of the bill, it is said, should be prefixed to all protests,
with the indorsements transcribed *verbatim.*    1 Pardess. 444;
Chitty on Bills, 458.

. However stringent the law concerning mercantile paper, with
regard to protest, demand, and notice, may appear, it is never-
theless founded on reason and the necessities of trade. It exacts
nothing harsh, unjust, or unreasonable. A protest, though neces-
sary, need only be noted on the day on which payment was
refused. It may be drawn and completed at any time before
the commencement of the suit, or even before the trial, and con-
sequently may be amended according to the truth, if any mistake
has been made.

The copy of the bill is connected with the instrument certifying the formal demand by the public officer, as the easiest and best mode of identifying it with the original. Mercantile paper is generally brief, and without the verbiage which extends and enlarges more formal legal instruments. Hence, it is much easier to give a literal copy of such bills, than to attempt to identify them by any abbreviation or description. The amount, the date, the parties, and the conditions of the bill, form the substance of every such instrument. Slight mistakes, or variances of letters, or even words, when the substance is retained, cannot and ought not to vitiate the protest. A lost bill may be protested, when the notary has been furnished with a sufficient description, as to date, amount, parties, &c., to identify it.

In indictments for forgery, it is not sufficient to state the "substance and effect" of the instrument; it must be laid according to the "tenor," or exact letter; but the law merchant demands no such stringency of construction. The sharp criticism indulged when the life of a prisoner is in jeopardy cannot be allowed for the purpose of eluding the payment of just debts.

It is unnecessary that a copy of the protest should be included in the notice to the drawer and indorsers. The object of notice is to inform the party to whom it is sent that payment has been refused by the maker, and that he is held liable. Hence such a description of the note as will give sufficient information to identify it, is all that is necessary. What was said by Mr. Justice Story, in delivering the opinion of this court, in Mills *v.* The Bank of the United States, with regard to variances and mistakes in notices, will equally apply to protests: "It cannot be for a moment maintained that every variance, however immaterial, is fatal. It must be such a variance as conveys no sufficient knowledge to the party of the particular note which has been dishonored. If it does not mislead him, if it conveys to him the real fact, without any doubt, the variance cannot be material, either to guard his rights or avoid his responsibility."

In the case before us, the protest had an accurate copy of every material fact which could identify the bill — the date, the place where drawn, the amount, the merchandise on which it was drawn, the ship by which it was sent, the balance on the cotton for which it was accepted, the names of drawers, acceptor, indorsers; in fine, every thing necessary to identify the bill. The only variance is a mistake in copying or deciphering the abbreviations and flourishes with which the christian name of the acceptor's agent is enveloped. The abbreviation of "And." has been mistaken for Chas., and the middle letter E. omitted. The omission of the middle letter would not vitiate a declaration or indictment. Nor could the mistake mislead any person as to the identity of the instrument described.

We are of opinion, therefore, that the objection made to this protest, " that it does not describe the bill of exchange produced, but a different bill," is not true in fact, and should have been overruled by the court.

This renders it unnecessary for us to notice the offer of testimony to prove the identity, which was also overruled by the court.

The judgment of the circuit court is reversed, and *venire de novo* awarded.

## *Order.*

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the southern district of Alabama, and was argued by counsel. On consideration whereof it is now here ordered and adjudged by this court, that the judgment of the said circuit court in this cause be and the same is hereby reversed, with costs, and that this cause be and the same is hereby remanded to the said circuit court, with directions to award a *venire facias de novo.*